**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

WALTER LEE CHANEY,

    Petitioner,

vs.                                              Case No. 8: 02-CV-1651-T-30MSS

JAMES V. CROSBY, JR.,

    Respondent.
_____/

**O R D E R**

This matter comes before the Court upon Petitioner's Notice of Appeal of the September 19, 2005 decision denying his petition for relief under 28 U.S.C. § 2254 (Dkt. 36), Motion to Exceed Page Limit (Dkt. 37-1), and attached Motion for Issuance of Certificate of Appealability pursuant to Rule 22, Fed. R. App. P.,[1] and 28 U.S.C. §2253[2] (Dkt. 37-2). Petitioner did not pay the appellate filing fee or seek leave to proceed on appeal *in forma pauperis*.

To obtain a certificate of appealability where a district court has rejected a prisoner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists

---

[1] "Certificate of Appealability. (1) In a habeas corpus proceeding in which the detention complained of arises from process issued by a state court, or in a 28 U.S.C. §§ 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. §§ 2253(c). If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue. . . . If no express request for a certificate is filed, the notice of appeal constitutes a request addressed to the judges of the court of appeals." Rule 22, Fed. R. App. P.

[2] "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from -- (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;. . . (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c).

would find the district court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). When the district court has rejected a claim on procedural grounds, the petitioner must show that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling to obtain a certificate of appealability. *Slack*, 529 U.S. at 484; *Franklin v. Hightower*, 215 F.3d 1196, 1199 (11th Cir. 2000) (per curiam).

In his § 2254 Petition, Petitioner challenged his 1992 conviction for robbery with a firearm entered by the Thirteenth Judicial Circuit Court, Hillsborough County, Florida. His Petition was denied on the merits. Because Petitioner has failed to demonstrate that reasonable jurists would find the Court's assessment of the Petition debatable or wrong, he has failed to satisfy the two-prong *Slack* test. 529 U.S. at 484.

ACCORDINGLY, the Court **ORDERS** that**:**

1. The Motion to Exceed Page Limit (Dkt. 37-1) is **GRANTED**.

2. Petitioner's Motion for Certificate of Appealability (Dkt. 37-2) is **DENIED**.

3. Petitioner's Notice of Appeal (Dkt. 36), which the Clerk construed as a motion for issuance of a certificate of appealability (Dkt. 38), is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on October 26, 2005.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
All Parties/Counsel of Record
SA:jsh