**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

WALTER LEE CHANEY,

    Petitioner,

vs.                                                  Case No. 8: 02-CV-1651-T-30MSS

JAMES V. CROSBY, JR.,

    Respondent.
_____/

## **O R D E R**

This matter comes before the Court upon receipt of Petitioner's Notice of Appeal of the June 29, 2006 decision denying his Motion for Relief from Judgment, which the Court determined was the equivalent of a second or successive petition for relief under 28 U.S.C. § 2254 (Dkt. 48). Petitioner has also filed a Motion and Affidavit of Insolvency seeking leave to proceed on appeal *in forma pauperis* (Dkt. 50). The Court construes the Notice of Appeal as a request for issuance of a certificate of appealability pursuant to Rule 22, Fed. R. App. P.,[1] and 28 U.S.C. §2253[2] (Dkt. 49). *See Edwards v. United States*, 114 F.3d 1083 (11th Cir. 1998).

---

[1] "Certificate of Appealability. (1) In a habeas corpus proceeding in which the detention complained of arises from process issued by a state court, or in a 28 U.S.C. §§ 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. §§ 2253(c). If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue. . . . If no express request for a certificate is filed, the notice of appeal constitutes a request addressed to the judges of the court of appeals." Rule 22, Fed. R. App. P.

[2] "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from -- (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court;. . . (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c).

While issuance of a COA does not require a showing that the appeal will succeed, more than the absence of frivolity or the presence of good faith is required for a petitioner to clear this hurdle. *See Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003). Under the controlling standard for issuance of a certificate of appealability where a district court has rejected a prisoner's constitutional claims on procedural grounds, the petitioner must show that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Franklin v. Hightower*, 215 F.3d 1196, 1199 (11th Cir. 2000) (per curiam). Because the petition is successive and Petitioner has failed to demonstrate that he has been granted leave to proceed pursuant to 28 U.S.C. § 2244(b)(3)(A), he fails to satisfy the second prong of the *Slack* test. 529 U.S. at 484. Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

ACCORDINGLY, the Court **ORDERS** that**:**

1. The Notice of Appeal (Dkt. 48), which the Court has construed as an application for issuance of a certificate of appealability (Dkt. 49), is **DENIED**.

2. Petitioner's request to proceed on appeal *in forma pauperis* (Dkt. 50) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on August 14, 2006.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
All Parties/Counsel of Record
SA:jsh